■ In the Matter of SAMUEL P. MALONE, Respondent, v. GRECIAN GARDEN APARTMENTS, INC., et al., Appellants. (Appeal No. 2.) — Appeal dismissed as academic, without costs. Same Memorandum as in *Matter of Malone* v. *Dimco Corp.* (32 A D 2d 875) (decided concurrently herewith). (Appeal from order of Monroe Trial Term permitting inspection of books.) Present — Goldman, P. J., Del Vecchio, Marsh, Gabrielli and Moule, JJ.

■ F. STEVEN BERG, Respondent, v. AUTO WHEEL INDUSTRIES, INC., et al., Appellants.— Order unanimously reversed, with costs, and motion denied. Memorandum: Aside from factual issues relating to the scope and nature of the alleged agreement for payment of plaintiff's legal services, the record discloses a serious question of the interpretation and meaning, as well as the intention of the contracting parties in their use of the words, "trade fixtures" which were part of the clause limiting the purchaser's liability to assume payment of certain of seller's obligations. This is especially so in light of the fact that plaintiff drew the agreement which forms the basis of this controversy. When language employed in a contract is not free from ambiguity, or when it is equivocal and the intent of the parties becomes a matter of inquiry, mixed questions of law and fact are present (*Lachs* v. *Fidelity & Cas. Co. of N. Y.*, 306 N. Y. 357) and summary judgment should be denied. (*Piedmont Hotel Co.* v. *Nettleton Co.*, 263 N. Y. 25; *Italian Benevolent Inst.* v. *Elaine Co.*, 240 App. Div. 196.) We further note that issues are presented as to plaintiff's performance of legal services as distinguished from his services as a director of a corporation. (*Alexander* v. *Equitable Life Assur. Soc. of U. S.*, 233 N. Y. 300.) (Appeal from order of Erie Special Term granting motion for partial summary judgment.) Present — Goldman, P. J., Del Vecchio, Marsh, Gabrielli and Moule, JJ.

■ JOSEPH PROFIT, Appellant, v. MICHAEL KISIEL et al., Constituting the Board of Election of Niagara County, and CHARLES CANTARA, JR., Respondents. — Order unanimously affirmed, without costs. (Order entered June 9, 1969.) (Appeal from order of Niagara Special Term declaring petition valid.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Bastow and Henry, JJ.

■ GEORGE McLANE, Respondent, v. MICHAEL KISIEL et al., Constituting the Board of Election of Niagara County, Respondents, and JOSEPH GARBINSKY, Appellant.— Order unanimously affirmed, without costs. (Order entered June 9, 1969.) (Appeal from order of Niagara Special Term declaring petition invalid.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Bastow and Henry, JJ.