W. Eugene Sharpe, J.
This action was commenced by the issuance and service of a summons by the complainant upon the proposed defendant (initially Ricky Carnivale, as complainant against “ John Doe ”), wherein complainant demands that the Criminal Court of the City of New York cause a complaint to issue charging proposed defendant herein with violation of section 900-2.0 (subd. c) of the Administrative Code of the City of New York. By stipulation, Morton Bahr, vice-president of District 1, Communication Workers of America (AFL-CIO), has been substituted as complainant instead of Ricky Carnivale, president of Local 1101, Telephone Workers Union, and the true proposed defendant, New York Telephone Company, for 11 John Doe ”.
It appears, from memoranda of law submitted by the parties hereto, that there has been a strike by the Communication Workers of America against the New York Telephone Company of some seven months ’ duration, which strike substantially involved workers of said labor union heretofore engaged in the installation, repair and maintenance of the telephone company’s equipment and facilities.
If further appears that the telephone company has caused certain supervisors and craftsmen, already employed by various entities of the Bell System prior to the commencement of the strike, to be brought into the City of New York to perform the duties theretofore performed by the said striking employees of the New York Telephone Company.
Section 900-2.0 (subd. c) of the Administrative Code of the City of New York is as follows: “ It shall be unlawful for any *140 person, firm or corporation including such duly licensed employment agency to transport or arrange to transport to the city of New York any person or persons for employment for the purpose of having such person take the place in employment of employees in an industry or establishment where a strike or lockout exists.”
A fair construction of the quoted subdivision requires a close study of the terse language set forth in chapter 42 (tit. A) of said Code, of which subdivision c of section 900-2.0 is a part. Subdivision b thereof states that: “It shall be unlawful within the city of New York for any person, firm or corporation not directly involved in a strike or lockout to recruit any person or persons ” (emphasis added). Clearly, the telephone company is indisputably ‘ ‘ directly involved in a strike or lockout ’ ’ and is exempt from the strictures of said subdivision.
Again, section 900-1.0 (subd. a, par. 6) of said chapter and title defines “Strikebreaker ” as: “ Any person who customarily and repeatedly offers himself for employment for the duration of a strike or lockout in the place of employees involved in a strike or lockout.” (Emphasis added.)
The gravamen in complainant’s complaint (§ 900-2.0, subd. c herein) is that the persons allegedly being transported to the City of New York are “ strikebreakers ” ostensibly brought “for the purpose of having such person(s) take the place in employment of employees in an industry or establishment where a strike or lockout exists.” No proof is shown, indeed complainant never alleges, that such “person or persons” are ‘ ‘ customarily and repeatedly ’ ’ offered for ‘ ‘ employment for the duration of a strike ’ ’. Such proof is requisite to legally denominate such persons “ strikebreakers ” in cases construed under this title.
Subdivision c, the violation of which is herein alleged, refers to and it is to be read with subdivision b, which latter subdivision clearly states that that title treats with and punishes only such 1 ‘ person, firm or corporation not directly involved in a strike furthermore, “ to transport or arrange to transport to the city of New York any person or persons for employment for the purpose of having such person take the place in employment of employees in an industry or establishment where a strike or lockout exists ” can only refer to the importation of a “ strikebreaker ” and proof is lacking that any person so brought to the City of New York “ customarily and repeatedly offers himself ’’for the service set down in section 900-1.0 (subd. a, par. 6) of this title. (Emphasis added.)
*141 It is to be noted that the construction herein of chapter 42 (tit. A) is in accord with the policy of the State of New York as found in section 700 of the Labor Law, which reads, in part, u It is in the public interest that equality of bargaining power be established and maintained ” (italics supplied); also, in Labor Bd. v. Mackay Co. (304 U. S. 333) it appears that it is clearly lawful for an employer (as here) to fill positions left vacant by striking workers.
In a strike the “ equality of bargaining power ” cannot be established and maintained if the employer “ directly involved in the strike ” (emphasis added) may not preserve and maintain his business by the engagement of workers to fill positions made vacant thereby.
Counsel for the parties have cited cases which, though helpful, are not requisite to my findings that a complaint should not issue in the premises.