BARCLAY'S ICE CREAM CO., LTD., Appellant, v LOCAL No. 757 OF THE ICE CREAM DRIVERS AND EMPLOYEES UNION et al., Respondents.—Order entered in the Supreme Court, New York County, on October 24, 1975 denying plaintiff's motion for a preliminary injunction reversed, on the law and in the exercise of discretion, and the motion is granted, without costs and without disbursements. Plaintiff is a New Jersey corporation engaged in the wholesale distribution of ice cream to its customers in New Jersey and New York. It obtains its product from manufacturers in Pennsylvania and Ohio. The defendant union, Local No. 757 of the teamsters union, represents employees engaged in the manufacture of ice cream in New York City. The employees of plaintiff's suppliers, as well as plaintiff's own employees, are all represented by local unions affiliated, like the defendant, with the teamsters international union. The defendant union wrote letters to a chain of retail food markets stating that it intended to peacefully picket outside their stores and distribute handbills urging consumers not to purchase plaintiff's ice cream because it was being manufactured under "substandard labor conditions", a term appearing several times in the handbill without any apparent basis in this record. It is apparent that the defendant union attempts to avoid the consequences of an illegal secondary boycott by attempting to engage instead in a "consumer boycott" only. In *Labor Bd. v Fruit Packers* (377 US 58) (the so-called tree fruits case), the Supreme Court held that peaceful picketing of retail stores urging consumers not to buy a specific product is not prohibited by the National Labor Relations Act. The defendants removed the action to the Federal court. However, the United States District Court for the Southern District of New York held that "since

the complaint alleges only a consumer boycott, no federal jurisdiction is present" and returned the case to the State court. Contrary to their position when they removed the case to the Federal court, the defendants now urge that the activities complained of fall within the exclusive jurisdiction of the National Labor Relations Board, thereby divesting both the State and Federal courts of jurisdiction. We agree that if this were an unfair labor practice case or, if there was an arguable question of jurisdiction, determination in the first instance would have to be left to the National Labor Relations Board and we would be pre-empted of jurisdiction. *(Dooley v Anton,* 8 NY2d 91; *Columbia Broadcasting System v McDonough,* 8 AD2d 695 affd 6 NY2d 962; *San Diego Unions v Garmon,* 359 US 236.) However, we find no labor dispute between these parties. The controversy involves no existing nor prospective agreement concerning employment, wages, hours or working conditions. There is no question concerning the handling of nonunion products nor of interunion rivalry. This is not a labor dispute even under the broadest construction of that term. Plaintiff alleges that the demand for ice cream in New York City is far greater than the manufacturing capability of its plants and that most of the ice cream supplied to New York City chains and co-operatives and *delivered by defendants' drivers,* is not only manufactured outside of New York but much of it is manufactured by nonunion shops. The names of such customers are set forth in the record. Defendants not having denied these allegations, we deem them established for the purpose at least of deciding this appeal. The handbill to be distributed to the public by defendants' pickets is subscribed "Teamsters Wives Emergency Force" and "Ice Cream Drivers And Employees Union Local 757". It reads in part: *"Why are The Wives Picketing?* We are the wives of the ice cream employees who have worked and fought for years to win decent wages and working conditions. The threat to our husbands' jobs and to the decent conditions in this community is so great that we must appeal to you, our neighbors and fellow consumers, for help." We find no justification for these statements in this record. The purpose of defendants' activities which are sought to be enjoined is to deny plaintiff access to New York City supermarkets on a competitive basis, thus keeping away from the New York City market ice cream manufactured elsewhere. Such private embargo to prevent food from entering New York City is not a lawful objective. *(Mayer Bros. Poultry Farms v Meltzer,* 274 App Div 169, 173.) Coercion by subjecting a party to economic pressure causing injury to its business is clearly unlawful and may be enjoined by our courts. *(Goodwins, Inc. v Hagedorn,* 303 NY 300, 305; *Dorchy v Kansas,* 272 US 306, 311.) The information contained in the handbills to be distributed by the pickets is misleading as indicating that there is a labor dispute whereas none exists. As was said by this court in *Mayer Bros. Poultry Farms v Meltzer (supra* p 174): "Except under the police power, even the Legislatures of the States are not permitted to erect embargoes, which is a prerogative of the Congress alone, and even that is forbidden except against foreign trade (U.S. Const., art. I, §§ 8, 10). If the courts were to tolerate the erection of effective barriers of this sort by employers or employees whenever either shall think it to be to their economic interest to do so, what has been done in this case respecting poultry could be done with regard to other kinds of food or merchandise. In the case of foodstuffs alone, the disastrous consequences of such embargoes need not be left to the imagination, in a community which is as dependent upon outside sources of supply as the city of New York. That is the interest of the consuming public in this issue. The law does not ignore these realities." The respondent union, in its brief, concedes that

there is no dispute as to the facts and that the only question is one of law. We agree. Concur—Murphy, Capozzoli, Lane and Nunez, JJ.; Markewich, J. P., dissents in the following memorandum: If this is not a genuine labor dispute and defendants' activities bid fair to cause plaintiff irreparable harm, then I would agree that plaintiff is entitled to the injunction now granted by the majority. If it is a legitimate labor dispute, no preliminary restraint should be imposed. The difficulty is that whether it is or is not such a dispute is not ascertainable from the papers, but only after the speedy trial ordered by Special Term. The injunction is granted prematurely. I would affirm. Settle order on notice.