■ CENTRAL NEW YORK FREIGHTWAYS, INC., Respondent, v R. F. DE-PERNO, as Treasurer and Trustee of New York State Teamsters Council Welfare Trust Fund, et al., Appellants.—Judgment uanimously affirmed, with costs. Memorandum: In 1967 plaintiff and Teamsters Local No. 375 were parties to a master collective bargaining agreement (agreement) which required, *inter alia,* that plaintiff contribute to the trust fund administered by defendants a designated sum per week for the health and welfare of plaintiff's regular full-time employees. The agreement provided that such contributions were to be "turned over to the Trust Fund Treasury on or before the [10th] day of the month following that month in which said money accrued". The trust fund had been established as an "employee welfare benefit fund" as defined in section 302 of title 29 of the United States Code. As required by the agreement, plaintiff and Local No. 375 also executed a "Health and Welfare Fund Stipulation" (stipulation) submitted by the defendants. Since a great number of employers were subject to the agreement which required them to report to the trust fund as to all of their employees, it was agreed as a matter of practice that employers would have until the twentieth day of each succeeding month to make the required contributions. It is clearly established in this record that prior to the dispute herein, plaintiff fully adhered to the agreements and made timely reports

and contributions to the defendants as to all of its employees. Leverne Beatson was a regular full-time employee of plaintiff for whom contributions to the trust fund were regularly made. He suffered a heart attack at work on March 27, 1967 and was hospitalized. He died on April 14, 1967. Under the mistaken belief that Beatson had died on the date of his heart attack, plaintiff's report for March, timely filed in April, included contributions only up to the time when Beatson was taken from work on March 27. Similarly, plaintiff's report for the month of April, timely filed in May, did not include contributions for Beatson even though the stipulation required that contributions be continued for up to four weeks of an employee's period of illness. Upon receiving notice in July, 1967 that it had not made the required contributions, plaintiff immediately complied and forwarded the amount of $21.20 which was overdue on behalf of the deceased employee. A provision of the stipulation deals with the consequences of an employer's failure to make contributions to the trust fund. It provides that: "Failure on the part of the employer regularly to contribute as specified hereinabove shall make him liable for all claims, damages, attorney fees, court cost, etc., plus all arrears in payments, plus 10% penalty and the Union shall not be bound by any arbitration or no strike provisions in the Labor Agreement." The agreement contains essentially the same provision. The stipulation further provides that the "late payment of arrears by any employer shall not release or exculpate him from his liability to pay all claims arising during the period when he was in arrears". The death benefit to be paid to Beatson's widow under the trust fund was $4,000. The defendants declined to pay the benefit and the plaintiff, under a threat of strike by Local No. 375, paid the benefit under protest and thereafter instituted this action for its recovery from the trust fund. Defendants appeal from a judgment on behalf of plaintiff entered after a nonjury trial. In affirming the judgment, we need only apply the ordinary canons of contract construction to the language employed by the parties. "Although we do not fashion new contracts for the parties under the guise of contract construction (*Morlee Sales Corp. v. Manufacturers Trust Co.,* 9 N. Y. 2d 16; *Cream of Wheat Co. v. Christ Co.,* 22 N. Y. 487, 493-494), we are required to adjudicate their rights according to the unambiguous terms of the contract and therefore must give the words and phrases employed their plain meaning (*Levine v. Shell Oil Co.,* 28 N. Y. 2d 205, 211)." (*Laba v Carey,* 29 NY2d 302, 308.) The evidence is uncontested that up to the moment of the death of Beatson on April 14, 1967, plaintiff had never failed "regularly to contribute" to the trust fund on his behalf. The relevant contributions were not due until April 20 and May 20, 1967. The trust fund is primarily responsible for the payment of the death benefit and plaintiff's liability, as described in the stipulation, is "to pay all claims arising during the period when [it] was in arrears". Plaintiff was not in arrears when the death benefit claim arose. While the clear intention of the parties was to prevent an employer from avoiding a liability previously incurred simply by paying overdue contributions, such is not the case here. The plaintiff faithfully adhered to the contract on behalf of Beatson and all of its employees, and may not so drastically be penalized for its inadvertent and good faith failure to make such a minimal payment after the rights of the parties had already been fixed. We have considered the other issues raised by the defendants and find them to be without merit. (Appeal from judgment of Onondaga Supreme Court—death benefits.) Present—Marsh, P. J., Cardamone, Dillon and Witmer, JJ.