■ BOULTER CARTING CO., INC., et al., Respondents, v R. P. DE PERNO, as Trustee of the New York State Teamsters Conference Pension and Retirement Fund, Appellant.—Judgment modified to deny plaintiffs' motion for summary judgment and, as modified, affirmed, without costs, in accordance with memorandum. Based solely on a reading of the collective bargaining agreement and the stipulation, without the aid of parol evidence, we would concur with Special Term that the plaintiffs are required to make contributions to the New York State Teamsters Conference Pension and Retirement Fund "only on behalf of the employees who are members of Local Union No. 118." We cannot accept the view, as expressed in the dissent, that the provision in the stipulation requiring employers "to contribute for any and all of [their] regular full-time and any and all other employees covered by this Agreement" obligates them to pay on behalf of all employees in the bargaining unit regardless of union membership. Because this provision in the stipulation as interpreted by appellant and in the dissent is in conflict with what appears to be the clear meaning of paragraphs 7 and 8 of the stipulation and with other provisions of the agreement, an ambiguity is created. The matter is, therefore, remitted to Special Term for a hearing at which the parties may, if so minded, offer parol evidence in aid of the construction of the documents including evidence pertaining to the parties' practical construction of the agreement and the stipulation as shown by their past actions in rendering performance thereunder. All concur, except Callahan, J., who dissents and votes to reverse the judgment and grant defendant's motion for summary judgment.

Callahan, J. (dissenting). I dissent from the majority view. Defendant is a trustee of the New York Teamsters Conference Pension and Retirement Fund maintained for the benefit of members of Local No. 118, Chauffeurs, Teamsters and Helpers Union. Plaintiffs are employers employing members of the Local Union No. 118 affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. Plaintiffs and Local Union No. 118 have regularly entered into collective bargaining agreements dating back to 1954 which have provided for the establishment of the trust fund, providing pension and health benefits to employees. Pursuant to the provisions in the general trucking agreement for the period from April 16, 1977 to April 15, 1980, the employers agreed to make specified weekly contributions for "any and all of [their] employees covered by this agreement". Recent demands were made upon plaintiffs for contributions allegedly due for nonunion employees. Plaintiffs refused and commenced an action for declaratory judgment. In response, defendants asserted, *inter alia,* that (1) the Supreme Court lacks jurisdiction and (2) summary judgment is not proper as contract interpretations present triable issues of fact. Special Term granted summary judgment declaring that pursuant to the collective bargaining agreement plaintiffs are required to contribute to the fund for union employees only. It is from that order that defendant appeals. The Supreme Court has jurisdiction to determine the contractual dispute herein. While jurisdiction to determine an unfair labor practice, if an employee believes that such a practice exists, lies with the National Labor Relations Board and not with the courts *(Lewis v American Federation of Tel. & Radio Artists,* 34 NY2d 265; *Barclay's Ice Cream Co. v Local 757 of Ice Cream Drivers & Employees Union,* 51 AD2d 516, affd 41 NY2d 269), the State courts have jurisdiction to determine the respective

contractual rights of the parties *(Vaca v Sipes,* 386 US 171). It is fundamental that in the interpretation of contracts, we must ascertain the substantial intent of the parties and, where that intention may be gathered from the four corners of the instrument, interpretation is a question of law *(Breed v Insurance Co. of North Amer.,* 46 NY2d 351; *Central Trust Co. v Sheahen,* 66 AD2d 1015). Only where it may be said that the language used in a contract is ambiguous and the intent of the parties is not clear are mixed questions of. law and fact present, necessitating the denial of summary judgment *(Berg v Auto Wheel Ind.,* 32 AD2d 876). Courts are required to adjudicate the parties' rights according to the unambiguous terms of the contract and must give words and phrases employed their plain meaning *(Fiore v Fiore,* 46 NY2d 971; *Central N. Y. Freightways v Deperno,* 60 AD2d 750), and may not fashion new contracts for the parties under the guise of contract construction. Special Term determined that "The parties intended membership in the union as a condition of employment for all employees [w]ith the possible exception of casual employees". I disagree. In viewing the entire agreement we must include a stipulation which forms an integral part of the plan. It formulates payments and sets forth general obligations for contributions. Within the terms of the agreement the employer agrees to contribute to any and all of his employees covered by the agreement. The fund is open to participation by all members of a participating local and any or all employees of a participating employer who are not members of the union (art 23). It further provides that it is understood that the contribu-. tions to the fund provided therein "are in the nature of compensation to the employee for the purpose of inducing employment and continued employment in the industry and for the purpose of providing benefits for himself and his dependents however intangible such benefits may be to the individual employee at any given time". The sole question as to benefits is whether the employees are covered by the agreement. In determining which employees were intended to be covered by the general trucking agreement for pension purposes, unambiguous terms of the agreement must be examined. Section 1 of article 1 entitled "Scope of Agreement" provides, "The execution of this agreement on the part of the employer shall cover all truckdrivers * * * and such other employees as may be presently or hereinafter represented by the union". Further, that pursuant to section 1 of article 2 of the agreement, a union shop is established and not a closed shop as found by Special Term. It is clear from the face of the agreement that nonmembers of Local No. 118 are covered by its terms, even though they are required to become members of Local No. 118 after completion of a grace or probationary period. All employees, regular, casual and probationary are specified and covered within the confines of the agreement. Thus the clear and unambiguous language of the agreement evidences the parties' intention that the nonunion members performing bargaining unit work are employees "covered by the agreement" and are entitled to have contributions made on their behalf from their respective employer. Accordingly, in my view the order should be reversed and judgment entered directing the employers to make contributions to the New York State Teamsters Conference pension and retirement plan on behalf of all employees. (Appeal from judgment of Monroe Supreme Court—declaratory judgment.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.