**MONARCH LONG BEACH CORP., Plaintiff,**

v.

**SOFT DRINK WORKERS,**
etc., **Defendants.**

**No. CV 81–2760.**

United States District Court,
E.D. New York.

Sept. 21, 1984.

Martin H. Scher, Carle Place, N.Y., for plaintiff.

Shapiro, Shiff, Reilly, Rosenbaum & Fox, New York City, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In this action plaintiff sues the defendant union for damages allegedly sustained by plaintiff in consequence of defendant's picketing activities against plaintiff. Defendant picketed plaintiff's place of business, urging prospective customers to buy only locally produced soft drinks from plaintiff and not to buy other soft drinks from plaintiff. Count I of the complaint charges defendant with an unfair labor practice under 29 U.S.C. Section 158(b)(4), and hence with a violation of 29 U.S.C. Section 187. Count II charges defendant with a violation of New York common law regarding embargo. Defendant has moved to dismiss.

Defendant contends that Count I is time-barred under *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). There, the Supreme Court established a six month limitation for an action against an employer for breach of a collective bargaining agreement and against a union for breach of the duty of fair representation by mishandling the ensuing arbitration. The limitation was borrowed by the Supreme Court from the limitation for bringing charges of unfair labor practices before the National Labor Relations Board.

In the instant case, defendant's activities have been found to constitute an unfair labor practice. The United States Court of Appeals for the District of Columbia Circuit made this finding in affirming a National Labor Relations Board cease and desist order directed against defendant's activities. *Soft Drink Workers Union Local 812 v. N.L.R.B.*, 657 F.2d 1252 (D.C.Cir. 1980). Since defendant's activities have unequivocally been found to constitute an unfair labor practice, the rationale for applying the six month statute of limitations for charges of unfair labor practices before the National Labor Relations Board is at least as strong here as it was in *DelCostello*.

Other courts have applied a six month limitation to actions brought under 29 U.S.C. Section 187. In *Carruthers Ready-Mix, Inc. v. Cement Masons Local Union No. 521*, No. 80-2210-M (W.D.Tenn. Feb. 24, 1983), the court applied such a limitation. On April 8, 1983, however, the court reversed its own decision. The court noted that on February 24, 1983, the Sixth Circuit had decided in *Pitts v. Frito-Lay, Inc.*, 700 F.2d 330 (6th Cir.1983), that the Sixth Circuit's earlier decision in *Badon v. General Motors Corp.*, 679 F.2d 93 (6th Cir.1982) (establishing six month statute of limitations for suit against employer for breach of collective bargaining agreement and against union for breach of duty of fair representation), should not be applied retroactively. The court (W.D.Tenn.) therefore held that a six month limitation would not be applied to suits under 29 U.S.C. Section 187 arising prior to the *Badon* decision, and declined to discuss whether such a limitation would apply to later suits under 29 U.S.C. Section 187.

In *Malcolm Boring Co., Inc. v. International Union of Operating Engineers, Local Union No. 12*, No. CV 80-5688 (C.D.Cal. Aug. 19, 1983), the court ruled that a six month statute of limitation should be applied to suits under 29 U.S.C. Section 187.

█ If *DelCostello* mandates a six month limitation for suits under 29 U.S.C. Section 187, we see no reason why such a limitation should not be applied retroactively to suits filed before *DelCostello* was decided. In *DelCostello* itself, the Court did not hesitate to apply a limitation it had only just then announced. In *Assad v. Mount Sinai Hosp.*, 725 F.2d 837 (2d Cir. 1983), the Second Circuit applied *DelCostello* retroactively to a suit against an employer for wrongful discharge and against a

union for breach of the duty of fair representation.

■ Although there is some authority for the proposition that *DelCostello* is restricted in application to hybrid suits against both an employer and a union, *Gordon v. Winpisinger*, 581 F.Supp. 234 (E.D. N.Y.1984), we respectfully disagree and believe that *DelCostello* is not by its terms so restricted.[1]

■ For the above reasons, we hold that under *DelCostello* the instant Count I is barred by a six month statute of limitations.

■ We find that Count II of the complaint is preempted by federal law. State law is ordinarily preempted when the conduct in question is even arguably prohibited or protected by federal labor law. *Local 926, Intern. Union of Oper. Eng. v. Jones*, 460 U.S. 669, 676-677, 103 S.Ct. 1453, 1458-59, 75 L.Ed.2d 368 (1983). In the instant case, the conduct in question is not only "arguably prohibited" but has in fact been found to constitute an unfair labor practice. *Soft Drink Workers Union Local 812 v. N.L.R.B., supra*. Although the preemption doctrine does not apply when the conduct in question is only a peripheral concern of federal labor law or touches on interests deeply rooted in local feeling and responsibility, *Local 926, Intern. Union of Oper. Eng. v. Jones*, 460 U.S. 669, 677, 103 S.Ct. 1453, 1459, 75 L.Ed.2d 368 (1983), we find that these exceptions to the preemption doctrine are not applicable to the instant case. It is interesting to note that, in a similar case, the Appellate Division of the New York Supreme Court, while finding that state law was not preempted, warned that "if this were an unfair labor practice case" preemption would be applicable. *Barclay's Ice Cream Co. v. Local No. 757*, 51 A.D.2d 516, 378 N.Y.S.2d 395 (1976), *aff'd*, 41 N.Y.2d 269, 392 N.Y.S.2d 278, 360 N.E.2d 956 (1977) (holding that conduct in question was not arguably subject to federal labor law), *cert. denied*, 436 U.S. 925, 98 S.Ct.

2818, 56 L.Ed.2d 767 (1978). Since a federal court has now found that the conduct involved in this case constitutes an unfair labor practice, we believe that a New York state court would decline to follow *Barclay's* today. In any event, we find that federal law preempts Count II of the complaint.

Count I of the complaint is dismissed on the ground that it is time-barred. Count II of the complaint is dismissed on the ground that it is preempted by federal law. The plaintiff shall have no relief. The Clerk shall enter judgment in favor of the defendant and against the plaintiff.

SO ORDERED.