Michael A. LEGUTKO, Patrick Walters, Steven Agnostakios, and John T. Golinski, on behalf of Themselves and Others Similarly Situated, Plaintiffs,

v.

LOCAL 816, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, and International Brotherhood of Teamsters and Wallack Freight Lines, Defendants.

No. CV84–1395.

United States District Court, E.D. New York.

March 29, 1985.

---

Hall, Clifton & Schwartz by Arthur Schwartz, New York City, for plaintiffs.

Cohen, Weiss & Simon by Jani Rachelson, New York City, for defendant Local 816.

Shaw, Goldman, Licitra, Levine & Weinberg, Garden City, N.Y. for defendant Wallack Freight Lines.

Herbert New, Clifton, N.J., co-counsel for defendant Wallack Freight Lines.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is a labor case.

Plaintiffs have moved to amend their complaint, for class certification, and for partial summary judgment. Defendant Wallack has moved for summary judgment and to strike plaintiffs' jury demand. Defendant Local has moved for summary judgment.

We see no reason to deny plaintiffs leave to amend their complaint. Accordingly, the proposed second amended complaint may be filed.

## I. FACTS

Plaintiffs' version of the facts is as follows:

In June 1982 defendant Wallack Freight Lines, plaintiffs' employer, proposed a one-year rider to a pre-existing contract between the employer and the defendant union local. The rider included a provision for a five-day work week and a ten-hour work day without overtime pay. The local conducted a vote on the rider. The vote was 23–12 against the rider. Ten days later, without advanced notice, the local conducted a second vote. The vote was 18–17 in favor of the rider, with 3 union members not present. The local then executed the rider.

In August 1982 plaintiff Legutko circulated a petition among his co-workers. The petition requested the International Union to intervene. The employer's officer took the petition from Legutko and threatened to fire him if he circulated the petition any further.

In June 1983 the local conducted a vote on whether to extend the rider for another year. The vote was 22–12 against extension. Despite the vote, the local executed an extension of the rider, contending that a two-thirds majority was required for rejection of the extension.

In August 1983 plaintiff Legutko asked the International Union to intervene. It did not do so.

In June 1984 the local again conducted a vote on the rider. The vote was 23–18 against the rider. The local did not execute the rider. The employer began paying overtime. In September 1984 the local conducted a second vote. The vote was 36–12 in favor of the rider.

Plaintiffs assert nine causes of action:

1. The June 1982 execution of the rider by the local following its initial rejection by a majority of the membership and subsequent approval by less than a majority of the *total* membership in a vote taken without advanced notice violated the International Union's constitution, and so violated 29 U.S.C. § 185 and state common law.

2. and 3. The June 1982 actions by the local violated 29 U.S.C. § 411(a)(1), which concerns equality of union member voting rights.

4. The June 1983 execution of the rider by the local despite its rejection by a majority vote violated the International Union's constitution, and so violated 29 U.S.C. § 185 and state common law.

5. The June 1983 action by the local violated 29 U.S.C. § 411(a)(1), which concerns equality of voting rights.

6. The employer's failure to pay overtime breached the contract as the contract would have read without the rider, in violation of 29 U.S.C. § 185.

7. The employer's failure to pay overtime violated 29 U.S.C. § 207(a)(1), which concerns overtime.

8. The September 1984 decision by the local to conduct a second vote violated 29 U.S.C. § 411(a)(1), concerning equality of voting rights. Plaintiffs also assert a claim against the International Union for its failure to intervene since August 1983, although the legal basis for this claim appears ambiguous.

9. The August 1982 threat by the employer's officer to discharge Legutko if Legutko continued to circulate a petition violated 29 U.S.C. § 215(a)(3).

## II. STATUTE OF LIMITATIONS

Defendants contend that the first five causes of action are barred by the six month limitation established in *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). There, the Court borrowed the six month limitation for bringing charges of unfair labor practices before the NLRB under 29 U.S.C. § 160(b) and applied it to a suit by an employee against an employer for breach of contract and against the union for mishandling of the ensuing grievance or arbitration.

### A. CLAIMS UNDER 29 U.S.C. § 411

The Supreme Court in *DelCostello* emphasized that virtually all unfair labor practice charges made by workers against unions involve allegations of unfair, arbitrary, or discriminatory treatment of workers by unions. 103 S.Ct. at 2293–2294. The Court thus implied that cases involving allegations of unfair, arbitrary, or discriminatory treatment by unions of workers should ordinarily be governed by the six month limitation for bringing charges of unfair labor practices before the NLRB. Actions brought under 29 U.S.C. § 412 for violations of the union members' "bill of rights" set forth in 29 U.S.C. § 411 certainly involve such allegations of unfair, arbitrary, or discriminatory treatment. Accordingly, this Court has previously applied a six month limitation for such actions. *Turco v. Local Lodge 5, Int. Broth. of Teamsters*, 592 F.Supp. 1293 (E.D.N.Y.1984) (Wexler, J.); *Agola v. Hagnar*, No. CV 82-0013 (E.D.N.Y. 9/24/84) (Mishler, J.). Although there is authority from this Court for the proposition that a six month limitation will not apply in suits which do not implicate the rights of an employer, *Gordon v. Winpisinger*, 581 F.Supp. 234 (E.D.N.Y.1984) (McLaughlin, J.), that view has not been adopted in several other decisions by this Court, *Turco; Agola; Monarch Long Beach Corp. v. Soft Drink Workers*, 593 F.Supp. 384 (E.D.N.Y.1984) (Wexler, J.).

■ In the instant case, plaintiffs' claims against the union local for violations of equal voting rights under 29 U.S.C. § 411(a)(1) are closely related to breach of contract claims against the employer under 29 U.S.C. § 185. Plaintiffs contend that the employer knew that the local acted illegally, that the employer therefore cannot rely upon the local's ratification of the rider, and that the employer is therefore liable for breach of the contract as the contract would have read without the rider. Consequently, the instant suit is closely analogous to the type of "hybrid" suit involved in *DelCostello*. Hence, even under this Court's reasoning in *Gordon* it would appear that the instant claims under 29 U.S.C. § 411(a)(1) should be governed by a six month limitation. Further, the instant case is very similar to an earlier case handled by this Court, *Costanzo v. United Parcel Service, Inc.*, 573 F.Supp. 1118 (E.D.N.Y.1983) (Nickerson, J.). There, this Court applied a six month limitation to a suit against a union for breach of the duty of fair representation by ratifying a contract without membership approval, and against an employer for "joining in the breach". Further, even if plaintiffs in the instant suit had not sued the employer, their claims against the union would still be closely involved with the process of collective bargaining agreement formation. The

Court in *DelCosello* suggested that suits involved with the formation of collective bargaining agreements and the private settlement of disputes under them should not be governed by state law limitations. 103 S.Ct. at 2289.

For the above reasons, we hold that the instant claims for violation of equal voting rights in connection with a contract ratification vote under 29 U.S.C. § 411(a)(1) are governed by a six month limitation borrowed from 29 U.S.C. § 160(b). Consequently, the second, third, and fifth causes of action are timed-barred and will be dismissed. We do not at the present time determine whether the precise facts alleged in the complaint make out a violation of 29 U.S.C. § 411(a)(1) by the local. We also do not address the issue of whether and under what circumstances a contract will be voided if the contract was ratified by a union as a result of procedures violative of 29 U.S.C. § 411(a)(1).

B. CLAIMS UNDER 29 U.S.C. § 185

The first and fourth causes of action deal with alleged violations of the international union constitution and are brought under 29 U.S.C. § 185.

Before determining the proper limitation for these claims, we will first determine whether these claims are authorized under 29 U.S.C. § 185.

1. STANDING

■ Suits, such as the instant suit, for breach of a union constitution, are not perfectly analogous to ordinary breach of contract actions under 29 U.S.C. § 185. Nevertheless, an international union constitution is a "contract" within the meaning of 29 U.S.C. § 185. *United Ass'n of Journeymen v. Local 334,* 452 U.S. 615, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981).

Although the Supreme Court has not yet decided whether individual union members can sue for a breach of an international union constitution, *id.,* 452 U.S. at 627 n. 16, 101 S.Ct. at 2553, n. 16, the Second Circuit has implied that individual union members can under certain circumstances sue an international union on the basis of a charter granted by an international union to a union local, *Abrams v. Carrier Corp.,* 434 F.2d 1234, 1248 (2d Cir.1970), and has allowed individual members of one union to sue another union on the basis of the AFL–CIO Constitution, *Santos v. Dist. Council of New York City, Etc.,* 547 F.2d 197, 199–201 (2d Cir.1977). This Court has recently held that individual union members may sue their international union for breach of an international union constitution provision concerning strike benefits, provided that the union local has in bad faith refused a demand by such members that the local request action by the international, or in the alternative that such a demand would be futile. *Agola v. Hagnar,* No. CV 82–0013 (E.D.N.Y. 9/24/84) (Mishler, J.). There, Judge Mishler upheld a suit by a group of union dissidents against both the local and international union, in which plaintiffs alleged that both had breached the international constitution by failing to provide strike benefits. Judge Mishler found that a demand on the local would have been futile. This Court in *Gordon v. Winpisinger,* 581 F.Supp. 234, 239 (E.D.N.Y.1984) (McLaughlin, J.), upheld a suit by individual union members against an international union, in which plaintiffs alleged that the international breached its own constitution by violating plaintiffs' right of free speech and assembly. Judge McLaughlin noted that these rights are "uniquely personal". The Supreme Court has held that 29 U.S.C. § 185 authorizes suits by individuals for violation of uniquely personal rights. *Hines v. Anchor Motor Freight,* 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976).

In the instant case, plaintiffs allege that the union local violated the international union constitution in respect to voting procedure. The significance to the individual of voting rights is borne out by Congress's enactment of 29 U.S.C. § 411(a)(1) and § 412, which authorize suits by individual union members for certain types of improprieties in voting procedure. Although we are concerned in this part of the opinion with violations of the union constitution rather than with violations of § 411 and

§ 412, the existence of those sections nevertheless suggests the propriety of recognizing the standing of individuals to sue for violations of a union constitution in respect to voting procedures under 29 U.S.C. § 185. The Supreme Court's recognition of standing for individual citizens to sue for reapportionment, *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), lends further support to the significance to the individual of union voting rights, especially since a union local is generally much smaller than the type of political subdivision typically involved in a reapportionment case.

■ For the above reasons, we hold that plaintiffs herein have standing to sue their union local for alleged violations of the international union constitution in respect to voting procedure, pursuant to 29 U.S.C. § 185. We do not at the present time determine whether plaintiffs' interpretation of the union constitution is correct.

### 2. LIMITATION

We will now determine the proper limitation for plaintiffs' claims under 29 U.S.C. § 185.

In *Auto Workers v. Hoosier Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), the Court looked to state law for a limitation on straightforward breach of contract actions under 29 U.S.C. § 185. In that particular case, the Court applied Indiana's six year limitation. In *DelCostello* the Court cited *Hoosier* with approval. *Hoosier* is thus still good law. *O'Hare v. General Marine Transport Corp.*, 740 F.2d 160, 167–168 (2d Cir.1984).

This Court has previously applied New York's six year limitation for breach of contract actions under CPLR § 213(2) to suits for breach of a union constitution under 29 U.S.C. § 185. *Gordon v. Winpisinger*, 581 F.Supp. 234 (E.D.N.Y.1984) (McLaughlin, J.); *Agola v. Hagnar*, No. CV 82–0013 (E.D.N.Y. 9/24/84) (Mishler, J.).

■ There is a great deal to be said for the proposition that suits for breach of a union constitution under 29 U.S.C. § 185

should *ordinarily* be governed in New York by the six year limitation of CPLR § 213(2). A union constitution is in many respects analogous to an ordinary contract. A suit for breach of a union constitution will not invariably (and perhaps not even in a majority of cases) involve allegations of union action that is intrinsically unfair, arbitrary, or discriminatory. There is thus no strong "family resemblance" between the class of suits for breach of a union constitution and unfair labor practice charges. Consequently, it is quite possible that there should be a general rule that suits for breach of a union constitution should be governed by a six year limitation in New York, and that this rule should not be disregarded in a given case merely because the particular case happens to involve allegations of unfair, arbitrary, or discriminatory treatment.

The instant suit differs radically from an ordinary suit for breach of contract. As already noted, plaintiffs' contention that the local acted improperly in ratifying the rider is closely related to a contention that the employer can claim no rights under the rider, so that this suit is analogous to the "hybrid" suit in *DelCostello*. Here, as in *DelCostello*, plaintiffs' suit relates to a process the federal labor law is designed to promote (in this case, the formation of a collective bargaining agreement), and to the stability of the bargaining relationship. Even had plaintiffs chosen not to sue the employer, the suit against the union would still be so closely connected with the process of collective bargaining agreement formation as to justify application of a six month limitation.

■ For the above reasons, we hold that the instant suit against the union local under 29 U.S.C. § 185 for breach of the international union constitution in respect to contract ratification voting procedures, is governed by a six month limitation borrowed from 29 U.S.C. § 160(b). Consequently, the first and fourth causes of action are time-barred and must be dismissed.

### III. OVERTIME CLAIMS UNDER 29 U.S.C. § 207

Plaintiffs' seventh cause of action asserts a claim against the employer under 29 U.S.C. § 207(a)(1), which provides that an employer must pay extra for overtime. The employer relies upon 29 U.S.C. § 213(b)(1), which exempts from the overtime statute "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49". Although 49 U.S.C. § 304 has been repealed, its provisions authorizing the Secretary to establish qualifications and maximum hours of service have been recodified at 49 U.S.C. § 3102. All references to the old law are deemed references to the corresponding provisions of the recodification. Pub.L. No. 97–449, § 6(b), 96 Stat. 2413, 2443 (1983). Under 49 U.S.C. § 3102(b)(2) the Secretary of Transportation may prescribe requirements for qualifications and maximum hours of service of employees of a motor private carrier, such as the employer in the instant case. However, § 3102 applies only in certain situations. In the instant case, we are concerned with the statement in § 3102(a) that "this section applies to transportation described in [49 U.S.C. § 10521]." Transportation described in 49 U.S.C. § 10521 does not include purely intrastate transportation.

Plaintiffs have asserted in an unsworn memorandum that *one* plaintiff, Arthur Mason, was not involved in interstate commerce.

■ Plaintiffs other than Arthur Mason are involved in interstate transportation described in 49 U.S.C. § 10521. The Secretary of Transportation may therefore prescribe qualifications and maximum hours of service for such other plaintiffs pursuant to 49 U.S.C. § 3102(b)(2). Such other plaintiffs are thus exempt from the overtime statute under 29 U.S.C. § 213(b)(1). Consequently, such other plaintiffs' overtime claims under 29 U.S.C. § 207(a)(1) must be dismissed.

With respect to plaintiff Arthur Mason, the facts concerning the nature of his employment have not been developed. We do not at this time address the issue of the precise set of facts necessary to exempt an employee under 29 U.S.C. § 213(b)(1). We note however, that the exemption has been interpreted quite broadly. *See, e.g., Griffin v. Consolidated Foods Corporation,* 587 F.Supp. 921 (W.D.N.C.1984).

### IV. CLAIM UNDER 29 U.S.C. § 215 (PROTECTED ACTIVITY)

Under U.S.C. § 215(a)(3), it is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted any proceeding under or related to this chapter [the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201–219], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee". Plaintiff Legutko contends that the employer violated this provision by threatening to discharge Legutko if Legutko continued to circulate a petition requesting the international union to intervene and stop alleged abuses by the union local.

■ Legutko, at the time of the alleged incident, had not filed any formal complaint or instituted any formal proceeding. As this Court has previously suggested, however, a statute protecting employees against adverse retaliatory action for protected activities should be construed broadly, and should be construed to encompass not only the institution of formal governmental proceedings, but also complaints to private parties, since such complaints may represent a first step in a process culminating in the initiation of formal proceedings. *Donovan v. Diplomat Envelope Corp.,* 587 F.Supp. 1417, 1424–1425 (E.D.N.Y.1984) (motion to dismiss denied), *judgment after trial for defendants aff'd on other grounds,* Docket No. 84–6330 (2d Cir. 2/1/85). Consequently, Legutko's attempt to request the international union to prevent a perceived violation of the overtime provision of 29 U.S.C. § 207(a)(1) was a

protected activity under § 215(a)(3), and Legutko's allegation in the ninth cause of action that the employer threatened to fire him for such protected activity states a claim for which relief can be granted under § 216(b), irrespective of the merits of the substantive overtime claim under § 207(a)(1). While the scope of relief available might be somewhat limited in view of the fact that the employer did not in fact discharge Legutko, we believe that a *threat* of discharge, if proven, would justify at least some relief; to allow a threat of illegal adverse action to go unnoticed would be to largely undermine the function of § 215(a)(3).

## V. CLAIM AGAINST EMPLOYER FOR BREACH OF CONTRACT UNDER 29 U.S.C. § 185

■ The employer has moved to dismiss the breach of contract claim on the ground that the local had apparent authority to ratify the rider. Examination of the papers submitted shows that there is a genuine dispute as to whether the local had such apparent authority. The employer's motion will therefore be denied. We do not at the present time address the issue of the appropriate limitation for breach of contract actions of this type, involving a dispute over the voting procedure employed in a ratification vote.

## VI. THE EIGHTH CAUSE OF ACTION

Plaintiffs have sought summary judgment with respect to the eighth cause of action. Since plaintiffs are only now being given leave to file the second amended complaint, it is too early to consider a motion for summary judgment by plaintiffs.

## VII. MOTION TO STRIKE JURY DEMAND

■ The employer has moved to strike plaintiffs' demand for a jury trial, on the ground that only equitable relief is sought. However, plaintiffs' claim for breach of contract is surely legal in nature and hence triable by jury. The jury demand will therefore not be stricken.

## VIII. CLASS CERTIFICATION

Plaintiffs have moved for class certification.

We have dismissed the first five causes of action in their entirety, and dismissed the seventh cause of action in part. It is possible that the sixth and seventh causes of action will soon be dismissed in their entirety. The ninth cause of action involves only the rights of Legutko and is inappropriate for a class action.

In view of the rapidly changing nature of this case, we will not decide the class certification motion at the present time. We will allow the parties to submit papers on whether the sixth and seventh causes of action should be dismissed in their entirety. Afterwards, we will allow plaintiffs to make a new motion for class certification.

## IX. CONCLUSION

It is ORDERED that:

1. The Clerk shall not enter judgment at this time;

2. Plaintiffs' motion for leave to file an amended complaint is granted, and the "Second Amended Class Action Complaint" which was submitted December 5, 1984 is deemed the complaint;

3. The first five causes of action are stricken on the ground that they are time-barred;

4. Wallack's motion for summary judgment on the sixth cause of action (breach of contract) is denied, without prejudice to Wallack's right to raise a statute of limitation defense;

5. Wallack's motion for summary judgment on the seventh cause of action (statutory overtime claim) is granted, except with respect to plaintiff Arthur Mason;

6. Plaintiffs shall show cause why the seventh cause of action should not be dismissed with respect to plaintiff Arthur Mason, by submitting papers within two weeks of notice of this order;

7. Plaintiffs' motion for summary judgment on the eighth cause of action is deemed premature;

8. Wallack's motion for summary judgment on the ninth cause of action (protected activity) is denied.

9. Wallack's motion to strike the jury demand is denied.

10. Plaintiffs' current motion for class certification is deemed moot, without prejudice to plaintiffs' right to make a new motion for class certification in the future.

SO ORDERED.