AMALGAMATED TRANSIT UNION, LOCAL 1202, AFL-CIO, CLC, et al., Respondents, v GREYHOUND LINES, INC., et al., Appellants.

First Department, May 11, 1990

## APPEARANCES OF COUNSEL

*Bettina B. Plevan* of counsel *(Proskauer Rose Goetz & Mendelsohn,* and *Johnson & Gibbs,* attorneys), for appellants.

*Ronald L. Kuby* of counsel *(William A. Kunstler,* attorney), for respondents.

### OPINION OF THE COURT

WALLACH, J.

Supreme Court (Diane A. Lebedeff, J.), by order entered April 13, 1990, has issued a preliminary injunction enjoining Greyhound Lines, Inc. from (1) employing persons in New York City to replace defendant's striking employees, (2) transporting such persons to the City of New York to replace the strikers, and (3) directing the plaintiffs to post $100 bond. Since the order lacks any jurisdictional basis, we now stay it and suspend its effect with directions for an expedited appeal. Because of the public importance of the issue and the close division of the court, we set forth our views at some greater length than we ordinarily would on a preappeal motion.

The injunction purports to rest on section 22-502 of the Administrative Code of the City of New York, which makes it unlawful and a misdemeanor, punishable by a fine for each violation, for any employer willfully and knowingly to employ any "strikebreaker" to replace employees who are either on strike against or locked out by such employer. There are, apparently, only two reported cases under this local law—both were unsuccessful Criminal Court prosecutions *(People v Eastern Airlines,* 38 Misc 2d 1042; *Matter of Bahr v New York Tel. Co.,* 69 Misc 2d 138). No persuasive authority is cited to us to sustain the proposition that this enactment, of strictly limited territorial application, could properly create a private right of action pervasive throughout the State, which might be the case where a penal statute emanating from the Legislature is involved *(cf., Sheehy v Big Flats Community Day,* 73 NY2d 629). But in view of the clear provisions of the Labor Law, that question can be deferred for the appeal.

Labor Law § 807 (1) provides that *"No court nor any judge* or judges thereof *shall have jurisdiction to issue any restraining order or a temporary* or permanent *injunction* in any case involving or growing out of a labor dispute, as hereinafter defined, *except after a hearing,* and except after findings of *all the following facts* by the court or judge or judges thereof to be filed in the record of the case" (emphasis added) (e.g., a finding of irreparable injury, breach of the peace, etc.).

At the "hearing" conducted by Judge Lebedeff prior to the issuance of the order appealed from, she heard extensive speeches by counsel for the parties and received hearsay affidavits pertaining to the arrest of an individual hired by Greyhound as a driver who left his bus and allegedly threatened a striker with a knife at the Port Authority building. (It appears that this person was released by Criminal Court in his own recognizance based on a claim of self-defense.) Upon the basis of the arresting officer's sworn complaint and affidavits describing the driver's conduct, Judge Lebedeff made oral findings on the record that the Administrative Code had been violated and entered an order enjoining Greyhound that tracked the language of the local law.

However, by reason of the mandatory requirements of the Labor Law, the court was without jurisdiction to issue the requested injunction. This is because Labor Law § 807 (2) requires a verified complaint (absent here), and with respect to the hearing: *"The hearing shall consist of the taking of testimony in open court* with opportunity for cross-examination and testimony in opposition thereto, if offered, and *no affidavits shall be received* in support of any of the allegations of the complaint." (Emphasis added.) *Kay-Fries, Inc. v Martino* (73 AD2d 342, *appeal dismissed* 50 NY2d 1056), cited by the dissent, is not to the contrary. While in *Kay-Fries* the absence of the judicial findings required by the Labor Law was held to be a nonjurisdictional defect, the *Kay-Fries* order followed *a testimonial hearing (see,* at 346), the absence of which *is jurisdictional* under the plain language of the statute.

In addition, there are serious questions presented as to whether Federal law fully preempts State action. As the United States Supreme Court held in *San Diego Unions v Garmon* (359 US 236, 244), quoted by us with approval in *Jou-Jou Designs v International Ladies' Garment Workers' Union* (94 AD2d 395, 403, *affd* 60 NY2d 1011): "When it is clear or may fairly be assumed that the activities which a State

purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield." Since it would be difficult to visualize an enterprise more enmeshed in interstate commerce than the Greyhound Bus Company, the likelihood of ultimate Federal preemption is strong, but such a conclusion is not inevitable (cf., *Barclay's Ice Cream Co. v Local No. 757 of Ice Cream Drivers & Employees Union*, 41 NY2d 269), and the final outcome may depend on what showing the parties make with respect to the State interests allegedly affected.

Finally, we would emphasize that our concern with avoiding violence and preventing disorder is no less than the minority's, but we are satisfied that the order under review does nothing to promote that desirable goal. Because the hearing court made no findings, and indeed could not do so because it made no competent record, the order (even if it were jurisdictionally sound) ends by leaving the parties precisely in the same position they occupied before the order issued: the order, tracking the local law *in haec verba,* enjoins Greyhound from using "strikebreakers" to which Greyhound retorts, as it did before the order, that they are not hiring strikebreakers but "permanent replacements". This is not an untenable position; that very contention did prevail in both Criminal Court prosecutions against Eastern Airlines and American Telephone, cited above. In short, although the hearing court may have thought its order belled the cat, the feline in question has turned out to be mere cardboard. The interposition of this order—essentially illusory as well as without jurisdiction—does nothing to improve the quality of the dialogue between labor and management, and fails to clarify any issue between them.

Accordingly, defendant's motion to stay the order of April 13, 1990, should be granted forthwith pending expedited determination of the appeal.

ELLERIN, J. (dissenting). We agree with the majority that this matter, involving questions of statutory construction and possible Federal preemption, should be disposed of, on the merits, by way of an expedited appeal. However, contrary to the position taken by the majority, we would not stay the temporary *restraining* order issued by the trial court since we find that a sufficient showing was made of the employment of strikebreakers and acts of violence to warrant the issuance of

the temporary order prohibiting the defendants from engaging in the unlawful conduct proscribed by Administrative Code of the City of New York § 22-502. The procedural deficiencies, under Labor Law § 807, so heavily relied upon by the majority, have been held not to be jurisdictional (see, *Kay-Fries, Inc. v Martino,* 73 AD2d 342, 350, *appeal dismissed* 50 NY2d 1056) nor to be dispositive in considering the viability of a preliminary injunction, in distinction to the ultimate resolution of the party's entitlement to such relief on the merits (*Jou-Jou Designs v International Ladies' Garment Workers' Union,* 94 AD2d 395, 401, *affd* 60 NY2d 1011). In view of the fact that the volatility of the situation has not abated since the denial of an interim stay of the prior temporary restraining order on March 12, 1990, the instant restraining order should continue in effect until resolution of the expedited appeal.

KUPFERMAN, J. P., and SMITH, J., concur with WALLACH, J.; ROSS and ELLERIN, JJ., dissent in an opinion by ELLERIN, J.

Stay granted, the appeal to be perfected for hearing on June 6, 1990, as indicated.