■ In the Matter of CLARENCE O. DIMMOCK, JR., Appellant, v REICHHOLD CHEMICALS, INC., Respondent.—In a proceeding pursuant to section 623 of the Business Corporation Law to establish the fair value of stock, petitioner appeals from an order of the Supreme Court, Westchester County, entered October 13, 1978, which held that a prior determination of the same court was not influenced by petitioner's conduct subsequent to the date of the corporate offer for his shares. Order reversed, on the law and the facts, with $50 costs and disbursements, and the matter is remanded to Special Term for further proceedings consistent herewith. On remittitur from the Court of Appeals *(Matter of Dimmmock v Reichhold Chems.,* 41 NY2d 273), Special Term incorrectly perceived the issue before it. The Court of Appeals,

in effect, reversed that part of the prior judgment of Special Term which denied petitioner an allowance for interest and for costs of appraisal in securing a determination of the fair value of shares of stock in a proceeding pursuant to section 623 of the Business Corporation Law. By doing so the Court of Appeals was directing that the question of good faith be examined anew. Had mere clarification of the judgment been the aim of the Court of Appeals, some means other than reversal would have been employed. The record developed shows sufficient evidence of petitioner's good faith at the time of the corporate offer of payment for his share of the corporation to warrant an award of interest and costs. Within the short period of time available to him (Business Corporation Law, § 623, subd [h]) to determine whether to accept the corporate offer, petitioner analyzed corporate financial statements, compared the corporation with the industry leader and sought outside advice. This effort, combined with his knowledge of the corporation's behavior and prospects, obtained through several years of representing both the corporation and its founder, demonstrate good faith at the time of the offer. The facts cited by Special Term in support of its contrary conclusion are not persuasive. Therefore, this matter must be remanded to Special Term to fix appropriate interest and costs. Special Term did not reach the question of petitioner's entitlement to counsel fees and expert fees because of its resolution of the interest and costs question. Upon remand, Special Term is to consider this issue in light of our decision with respect to interest and costs. We note that a different standard obtains for the determination of counsel fees and expert fees as distinguished from interest and costs (Business Corporation Law, § 623, subd [h], par [7]). Damiani, J. P., Lazer, Gibbons and Martuscello, JJ., concur.