■ In the Matter of the Dissolution of WALT'S SUBMARINE SANDWICHES, INC., Appellant. JOSEPH N. BASILE, Respondent.— Mahoney, P. J. Appeal from a judgment of the Supreme Court (Prior Jr., J.), entered April 5, 1990 in Albany County, which, in a proceeding pursuant to Business Corporation Law article 11, determined the fair market value of petitioner's stock.

Petitioner and his brother, Dominic Basile (hereinafter Basile), are the sole owners of respondent, a business corporation consisting of eight Big Dom's Submarine Sandwich Shops. Petitioner owns 65 shares of common stock amounting to a 32.5% interest in respondent, with Basile owning the balance. Basile was president of respondent until June 1986, when petitioner was appointed president due to Basile's health problems. A disagreement arose between petitioner and Basile in February 1988 and petitioner was removed as president. Petitioner thereafter sought dissolution of respondent pursuant to Business Corporation Law § 1104-a with respondent serving a notice of election to purchase petitioner's shares at their fair market value (see, Business Corporation Law § 1118). After a nonjury trial to determine the value of respondent's stock, Supreme Court determined the fair market value of petitioner's percentage thereof to be $200,000. Respondent now appeals.

We affirm. Although Business Corporation Law § 1118 offers no specific methodology for valuation, a corporation's value should be what a willing buyer would offer for it, as a viable enterprise, in an arm's length transaction (see, Matter of Pace Photographers [Rosen], 71 NY2d 737, 748). The valuation process is fact specific with an emphasis on the particular circumstances of the case, including such pertinent evidence as prior attempts to sell the business, offers to purchase and other expert testimony (see, supra). Here, Supreme Court relied on a number of variables, including the testimony of petitioner's two experts who valued petitioner's shares at $217,000 and $172,000. In doing so, Supreme Court properly rejected the valuation submitted by respondent's expert as it failed to account for excessive executive compensation (see, Matter of Raskin v Walter Karl, Inc., 129 AD2d 642; Matter of Blake v Blake Agency, 107 AD2d 139, lv denied 65 NY2d 609), a factor which in our view was clearly established at trial. We likewise reject respondent's contention that a discount for lack of marketability must be added to reduce its fair market value

*(see, Matter of Raskin v Walter Karl, Inc., supra).* The record, including testimony of increased profits, expansion and 120 responses to a "for sale" advertisement in *The Wall Street Journal,* amply supports a finding of respondent's marketability. In sum, given the unique position of Supreme Court in assessing the evidence *(see, D. C. Leathers v Gelmart Indus.,* 125 AD2d 738) as well as the extensive factual support found in the record for its conclusions, we find no reason to disturb Supreme Court's judgment.

Judgment affirmed, with costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr. and Harvey, JJ., concur.