■ In the Matter of MOHASCO CORPORATION, Respondent. DEAN S. ADLER et al., Appellants.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered November 1, 1991, which, in valuation proceedings pursuant to Business Corporation Law § 623, fixed the fair market value of petitioner's common shares held by respondent dissenting shareholders at $19.75 per share as of the close of business on September 19, 1989, directed that each party bear its own costs and expenses incurred in this proceeding, and disallowed interest to respondents on the unpaid value of their shares, unanimously modified, on the facts, to the extent of awarding such interest, and to remand to the IAS Court for the fixing of an equitable rate of interest pursuant to Business Corporation Law § 623 (h) (6), and otherwise affirmed, without costs.

In a valuation proceeding growing out of a two-step merger *(see generally, Alpert v 28 Williams St. Corp.,* 63 NY2d 557), we agree with the IAS Court that respondents received reasonable notice that the acquisition debt would be borne by the target corporation, and, taking into account other relevant facts and circumstances, especially the market value of the shares on the valuation date *(see, Matter of Endicott Johnson Corp. v Bade,* 37 NY2d 585, 587-588), we find no reason to

disturb the IAS Court's valuation of $19.75. We modify because the dissenting shareholders, who were expressly found to have acted in good faith, should have been awarded interest on the unpaid value of their shares *(see, Matter of Dimmock v Reichhold Chems.,* 75 AD2d 870, 871).

We have considered the remaining arguments, and find them to be without merit. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.