■ In the Matter of CAROLINA GARDENS, INC., et al., Respondents-Appellants, v HAROLD MENOWITZ et al., as Trustees of a Trust Under the Will of SOPHIE MENOWITZ, Deceased, et al., Appellants-Respondents. [655 NYS2d 536] —Order and judgment (one paper), Supreme Court, New York County (Stanley Parness, J.), entered July 24, 1996, which, in a proceeding pursuant to Business Corporation Law § 623, adjudged the fair value of respondents' shares in Carolina Gardens, Inc. to be $1,137,996, and, upon respondents' surrender of the stock certificate, directed petitioner to pay this amount within 60 days of entry of judgment less any amounts previously paid; ordered and adjudged the fair value of respondents' interest in Virginia Gardens, Inc. to be $481,542, and also directed payment of that amount upon respondents' surrender of the stock certificates, less amounts previously paid; and adjudged the fair value of respondents' interest in Life Management Corporation to be $331,570, and directed payment of that amount upon respondents' surrender of the stock certificates, less amounts previously paid; and adjudged the fair value of respondents' interest in Kings Highway Property Corporation to be $519,930, and directed payment of that amount upon respondents' surrender of the stock certificates, less any amounts previously paid; and denied respondents' application for interest, expenses and attorneys' fees, unanimously modified, on the law, to award interest pursuant to Business Corporation Law § 623 (h) (6) and the matter remanded for calculation thereof, and, except as thus modified, affirmed, without costs.

Giving due deference to the trial court's unique position in evaluating marketability issues (see, Matter of Walt's Submarine Sandwiches [Basile], 173 AD2d 980, lv denied 78 NY2d 860), and noting the essential distinction between a permissible discount for lack of marketability and an impermissible discount applied to minority shares supposedly for a minority

shareholder's lack of control of a close corporation (*see, Matter of Raskin v Walter Karl, Inc.*, 129 AD2d 642, 644), we find no basis for disturbing the court's unmarketability discount of 10% (*see, e.g., supra*, at 644; *Matter of Joy Wholesale Sundries*, 125 AD2d 310). Nor do we find any basis for disturbing the court's admission of the testimony of appraisal experts or its assessment of their credibility. Concerning costs and expenses, absent a finding of a material disparity between the corporations' offer and the eventual determination of fair value, the court properly required each side to bear its own costs and fees (Business Corporation Law § 623 [h] [7]). The court also denied an award of interest, finding that it was "not warranted under the facts in this case." Business Corporation Law § 623 (h) (6) provides that "[t]he final order shall include an allowance for interest" unless "the court finds that the refusal * * * to accept the corporate offer of payment * * * was arbitrary, vexatious or otherwise not in good faith." The court made no such finding here. Its conclusion that an award of interest was not warranted in the circumstances falls far short of the requisite finding of conduct that is "arbitrary, vexatious or otherwise not in good faith" as to exclude such an award. We do not interpret our decision in *Matter of Mohasco Corp. (Adler)* (188 AD2d 407) as conditioning an award of interest on an affirmative finding of good faith with respect to a minority shareholder's rejection of the corporation's offer. Nor is there merit to petitioners' contention that respondents' purportedly vexatious conduct in connection with this litigation is relevant to the issue of their good faith in rejecting the offer (*see, Matter of Dimmock v Reichhold Chems.*, 41 NY2d 273, 275-276). Accordingly, we remand for a calculation of interest.

We have considered the parties' remaining contentions for affirmative relief and find no other basis to disturb the judgment. Concur—Sullivan, J. P., Milonas, Ellerin and Tom, JJ.