■ In the Matter of MILLER BROS. INDUSTRIES, INC., Respondent, v LAZY RIVER INVESTMENT COMPANY et al., Appellants. [709 NYS2d 162] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered June 25, 1999, which, in an appraisal proceeding under Business Corporation Law § 623, appraised the fair value of respondent dissenting shareholders' 48,051 shares of petitioner's stock at $9 per share as of July 30, 1984, and awarded dissenting shareholders recovery in the amount of $86,491.80 for the unpaid portion of such appraised fair value, without prejudgment interest, costs, expenses or fees, unanimously modified, on the law, the facts, and in the exercise of discretion, to award dissenting shareholders, pursu-

ant to Business Corporation Law § 623 (h) (6), prejudgment interest at the rate of 4% on the principal amount of the judgment, to run from July 31, 1984 to the date of payment of such principal, and the matter remanded for calculation of such interest, and otherwise affirmed, without costs.

We affirm Supreme Court's appraisal of respondent dissenting shareholders' stock in petitioner corporation (Miller Bros.) at $9 per share as of July 30, 1984, the day prior to the effectuation of the merger to which such respondent shareholders dissented, as a fair interpretation of the evidence (*Thoreson v Penthouse Intl.*, 80 NY2d 490, 495). For purposes of this appraisal proceeding, "[t]he three major elements of fair value are net asset value, investment value and market value. The particular facts and circumstances will dictate which element predominates, and not all three elements must influence the result" (*Matter of Friedman v Beway Realty Corp.*, 87 NY2d 161, 167, citing *Matter of Endicott Johnson Corp. v Bade*, 37 NY2d 585, 587-588). Under the circumstances of this case, we find that the record supports Supreme Court's determination of Miller Bros.' market value as of the valuation date, and its determination to give market value conclusive weight in appraising fair value.

Miller Bros.' 86% shareholder prior to the merger acquired such interest through a $9-per-share tender offer promulgated in April 1984, and such tender offer price, which included a premium over the stock's prior trading range, resulted from arm's length negotiations between Miller Bros.' prior management and the offeror. Since the dissenting shareholders have not offered any expert analysis demonstrating that any quantifiable post-merger improvement in Miller Bros.' financial results could have been predicted with any degree of certainty based on any changes in Miller Bros.' management implemented or announced between the promulgation of the tender offer and the valuation date, the record supports Supreme Court's determination that the tender offer price represented the stock's market value at the valuation date.

In the absence of any projections of Miller Bros.' post-merger earnings under the new management that had been prepared as of the valuation date, the only substantial evidence in the record of Miller Bros.' investment value as of the valuation date is its poor financial results for the years immediately prior to the merger, which the dissenting shareholders do not dispute would yield an investment value of less than $9 per share. We reject the dissenting shareholders' argument that investment value as of the valuation date may be computed

retrospectively based on the corporation's reported actual earnings for the fiscal year ending eleven months after the valuation date, since fair value may include elements of future value only if "known or susceptible of proof as of the date of the merger and not the product of speculation" (*Weinberger v UOP, Inc.*, 457 A2d 701, 713 [Del]). There is no occasion to draw any adverse inference against Miller Bros. based on its failure to produce projections prepared by the new management prior to the valuation date, since there is no evidence in the record that any such projections were ever actually prepared, and there was uncontradicted testimony at trial that a diligent search for such projections was unsuccessful.

With regard to net asset value, this element is of limited significance, since "[t]he fair value of a dissenter's shares is to be determined on their worth in a going concern, not in liquidation" (*Matter of Friedman v Beway Realty Corp.*, 87 NY2d, at 167, *supra*). Because the tender offer price reliably reflects Miller Bros.' market value as a going concern as of the valuation date, and liquidation was not contemplated at the time of the merger, there is no occasion to give net asset value any weight in this appraisal. We further note that the parties have in any event failed to provide sufficient information from which to estimate net asset value reliably.

Finally, we modify the judgment to award interest on the 20% portion of the corporation's offer for the dissenting shareholders' stock that was withheld pursuant to Business Corporation Law § 623 (g). Since Supreme Court expressly found that the dissenting shareholders' initial refusal to accept the offer was not arbitrary, vexatious or in bad faith, the denial of any interest was erroneous under Business Corporation Law § 623 (h) (6) (*see, Matter of Dimmock v Reichhold Chems.*, 41 NY2d 273, 275; *Matter of Carolina Gardens v Menowitz*, 238 AD2d 189, 190). Concur—Sullivan, P. J., Rosenberger, Nardelli, Ellerin and Wallach, JJ.