■ INTERNATIONAL MERCHANDISE GROUP AMERICAS, INC., Appellant, v SEGERMAN INTERNATIONAL, INC., Respondent. [717 NYS2d 126] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 8, 1999, dismissing the complaint pursuant to an order granting defendant's motion for summary judgment, unanimously affirmed, without costs.

Summary judgment was properly granted upon a record establishing that plaintiff seller failed to comply with certain terms of the parties' contract, which included a letter of credit, on which defendant buyer was the applicant and plaintiff the beneficiary, setting forth, *inter alia*, the latest date of shipment and the permissible variance in the quantity of goods shipped. With respect to the former term, defendant submitted a copy of the bill of lading furnished by the shipping company, the authenticity of which plaintiff does not challenge, that shows that the goods were placed on board after the latest shipping date. With respect to the latter term, the letter of credit describes the specific styles ordered, the quantity ordered for each style and the price per dozen for each style, but does not anywhere aggregate the total quantity shipped, suggesting that the different styles ordered were not interchangeable, and that the permissible variance in quantity was with respect to each style ordered, and not, as plaintiff claims, with respect to the total quantity of all styles ordered. Plaintiff's claim that the terms of the letter of credit were not express conditions precedent to defendant's payment obligation, and that plaintiff is therefore entitled to recover under the doctrine of substantial performance, is improperly raised for the first time on appeal, plaintiff's only position before the motion court having been that it complied with the letter of credit. The complaint was also properly dismissed pursuant to CPLR 3126, since plaintiff simply did not address defendant's contention that plaintiff had failed to comply with the conditional order of dismissal. Whether such dismissal pursuant to CPLR 3126 is on the merits is academic, given that the complaint is otherwise being dismissed on the merits for plaintiff's nonperformance of the contract. Concur—Sullivan, P. J., Nardelli, Ellerin, Lerner and Friedman, JJ.