■ UNDERBRUCKNER REALTY CORP. et al., Respondents, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Appellants. [942 NYS2d 481]—

Judgment, Supreme Court, Bronx County (Stanley Green, J.), entered May 31, 2011, after a nonjury trial, reducing the assessed valuation of petitioners' skilled nursing facility for the tax years 1999-2007, unanimously affirmed, without costs. Appeal from order, same court (Howard R. Silver, J.), entered November 15, 2010, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Petitioners rebutted the presumption of validity as to the existing tax assessments by presenting "substantial evidence" demonstrating "the existence of a valid and credible dispute regarding valuation" (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187-188 [1998]). The trial court's determination that petitioners' property has been overvalued is supported by a preponderance of the evidence (*see id.* at 188). Looking to the Medicaid reimbursement rate as a means to assess the value of a nursing home has been judicially recognized (*see e.g. Tarrytown Hall Care Ctr. v Board of Assessors*, Sup Ct, Westchester County, Mar. 4, 2004, Rosato, J., index No. 14267/98).

Respondents' expert's assertion that the methodology he employed is the only way to assess the value of a nursing home's real estate runs afoul of the principle that "there is no fixed method for determining that value" (*see Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356 [1992]). Courts are "under no compunction to . . . confine[ ] assessors to any one course" (*see Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau*, 45 NY2d 538, 541 [1978]). Furthermore, both the experts used the income capitalization approach, which calls for "the exercise of judgment by the appraiser," because the approach yields, "at best, no more than an estimate of the present worth of the benefits to be reaped from the property at issue" (45 NY2d at 542). In addition, whether the apartment buildings relied upon by petitioners were valid "comparables" was a question of fact to be resolved by the trial court (*see Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 80 AD3d 118, 144 [2010]).

It is true that respondents presented evidence upon which the court could reasonably have found that the Medicaid reimbursement rate (even as amended upward by non-Medicaid patient data) was not an accurate measure of market rent. However, in reducing the existing assessments in half, the court implicitly found that the market value numbers proffered by petitioners were below market and partially credited respondents' methodology, finding, however, that it produced above-market values for the respective tax years. Contrary to respondents' contention, the court did not improperly "split the difference." The court's valuations were "within the range of the trial evidence" (*see Matter of Kips Bays Towers Condominium v Commissioner of Fin.*, 66 AD3d 506, 506-507 [2009], *lv denied* 14 NY3d 708 [2010]).

We also reject respondents' contention that the court failed to set forth "the essential facts found upon which the ultimate finding of facts [was] made" (RPTL 720 [2]). While the court might have addressed the respective methodologies and calculations of the parties more specifically, it did state the essential fact: that both sides presented cogent arguments and that "the true valuation of the property is greater than that proposed by the Petitioner[s] and less than that proposed by the Respondents" (*cf. Matter of Trinity Place Co. v Finance Adm'r of City of N.Y.*, 72 AD2d 274, 275 [1980], *affd* 51 NY2d 890 [1980]). Concur—Mazzarelli, J.P., Catterson, DeGrasse and Manzanet-Daniels, JJ.