■ In the Matter of ROBERT M. LEVINE, Appellant-Respondent, v SEVEN PINES ASSOCIATES LIMITED PARTNERSHIP, Respondent-Appellant. [67 NYS3d 164]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about February 14, 2017, which valued the Marion Levine Revocable Trust's interest in respondent at $325,000, denied petitioner interest, and denied both sides costs and expenses, unanimously modified, on the law, the facts and in the exercise of discretion, to increase the value of the Trust's interest to $343,247, to award petitioner the filing fees he paid to commence the instant special proceeding, and to award interest and remand for calculation thereof, and otherwise affirmed, without costs.

In this special proceeding to determine the value of a dissenting limited partner's interest in a partnership whose sole asset is a building, there is no basis to disturb the trial court's overall finding that respondent's experts were more convincing than petitioner's (*see Watts v State of New York*, 25 AD3d 324 [1st Dept 2006]; *Matter of Carolina Gardens v Menowitz*, 238

AD2d 189, 190 [1st Dept 1997]). The court's choice of respondent's real estate appraiser's value for the property owned by respondent can "be reached under a[ ] fair interpretation of the evidence" (*Seretis v Fashion Vault Corp.*, 110 AD3d 547, 548 [1st Dept 2013], *lv denied* 22 NY3d 861 [2014] [internal quotation marks omitted]; *see also Matter of Miller Bros. Indus. v Lazy Riv. Inv. Co.*, 272 AD2d 166, 167 [1st Dept 2000], *lv denied* 95 NY2d 761 [2000]). It makes sense that, when valuing a building, one would use its actual, historical expenses instead of market estimates, especially when respondent explained why the expenses for its building were higher than average. To be sure, the two sides' real estate appraisers disagreed as to whether an increase in insurance premiums after a fire was an owner-specific issue or whether the increase stayed with the property, but the trial court was "best able to measure the credibility of the witnesses" (*Matter of Jose L.I.*, 46 NY2d 1024, 1026 [1979]).

The court's choice of respondent's business valuation expert over petitioner's can also be supported by a fair interpretation of the evidence. Not surprisingly, petitioner's expert chose petitioner's real estate appraiser's value for the building, while respondent's expert chose respondent's real estate appraiser's value. Second, when valuing the Trust's interest in respondent, petitioner's expert assumed that the Trust was entitled to its proportionate share of 95% of all of the cash that respondent had accumulated, whereas respondent's expert did not. Since the partnership agreement gives the general partner the power to deduct a reasonable reserve from Cash Flow (as defined in the agreement), and since there was testimony that respondent, in fact, had established a capital reserve fund, respondent's expert's approach is supported by the evidence. Third, petitioner's expert did not discount the value of the Trust's interest for lack of marketability, while respondent's expert did. In the past, we have applied discounts for lack of marketability (DLOM) to real estate holding companies (*Matter of Giaimo v Vitale*, 101 AD3d 523, 523-525 [1st Dept 2012], *lv denied* 21 NY3d 865 [2013]).

However, respondent's business valuation expert applied a minority discount, i.e., a discount for lack of control, as well as a DLOM. This is impermissible (*see Matter of Friedman v Beway Realty Corp.*, 87 NY2d 161, 167, 169 [1995]; *Carolina Gardens*, 238 AD2d at 189-190). Fortunately, "the record is sufficient for this Court to conduct an independent review of the evidence" on this point (*Matter of Kimberly O. v Jahed M.*, 152 AD3d 441, 442 [1st Dept 2017], *lv denied* 30 NY3d 902 [2017]).

Respondent's expert testified that the DLOM was 25% and that the value of the Trust's interest before applying any discounts and before adding return of capital was $375,996. If one applies a 25% DLOM and adds back the Trust's capital contribution of $61,250, one gets $343,247.

Business Corporation Law § 623 (h) (6), which Partnership Law § 121-1105 (b) incorporates by reference, states, "The final order shall include an allowance for interest" unless "the court finds that the refusal of any shareholder to accept the corporate offer of payment for his shares was arbitrary, vexatious or otherwise not in good faith." The trial court did not mention interest. We cannot deem this a sub silentio finding that petitioner's refusal to accept respondent's offer was arbitrary, vexatious, or in bad faith (see Carolina Gardens, 238 AD2d at 190). Having reviewed the evidence, we find that petitioner's refusal was not arbitrary, etc.; therefore, petitioner is entitled to at least some interest (see Miller, 272 AD2d at 168). However, he is not entitled to interest at 9%; the statute says, "interest at such rate as the court finds to be equitable" (Business Corporation Law § 623 [h] [6]). It also says, "In determining the rate of interest, the court shall consider all relevant factors, including the rate of interest which the corporation would have had to pay to borrow money during the pendency of the proceeding" (id. [emphasis added]). Unfortunately, neither side submitted evidence of such rate. We therefore remand for the calculation of interest (see Carolina Gardens, 238 AD2d at 189).

Business Corporation Law § 623 (h) (7) says, "the court may, in its discretion, apportion and assess all or any part of the costs, expenses and fees incurred by the corporation against any or all of the dissenting shareholders who are parties to the proceeding . . . if the court finds that their refusal to accept the corporate offer was arbitrary, vexatious or otherwise not in good faith." Since we have determined that petitioner's refusal to accept respondent's offer was not arbitrary, vexatious, or in bad faith, respondent is not entitled to costs and expenses. Petitioner's conduct during the instant proceeding (i.e., after his refusal) is irrelevant (see Matter of Dimmock v Reichhold Chems., 41 NY2d 273, 276-277 [1977]; Carolina Gardens, 238 AD2d at 190).

Business Corporation Law § 623 (h) (7) further provides, "The court may, in its discretion, apportion and assess all or any part of the costs, expenses and fees incurred by any or all of the dissenting shareholders who are parties to the proceeding against the corporation if the court finds any of the follow-

ing: (A) that the fair value of the shares as determined materially exceeds the amount which the corporation offered to pay; (B) that no offer . . . was made by the corporation; (C) that the corporation failed to institute the special proceeding within the [time] specified therefor; or (D) that the action of the corporation in complying with its obligations as provided in this section was arbitrary, vexatious or otherwise not in good faith." We find subsections (A), (B), and (D) inapplicable. It is true that respondent failed to institute a special proceeding, forcing petitioner to institute it. Therefore, we award him the filing fees he had to pay to commence the instant proceeding. It is not appropriate to award him all of his attorneys' and experts' fees because he would have had to pay his lawyers and experts even if respondent had commenced the proceeding. Concur—Gische, J.P., Webber, Oing, Singh and Moulton, JJ.