Rosenblum v Treitler (2025 NY Slip Op 05481)

Rosenblum v Treitler

2025 NY Slip Op 05481

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ.

Index No. 654177/15|Appeal No. 4873-4874|Case No. 2024-04525, 2024-06869|

[*1]Kenneth Rosenblum, Plaintiff-Appellant-Respondent,

v

Craig Treitler et al., Defendants-Respondents-Appellants.

Schlam Stone & Dolan LLP, New York (Richard H. Dolan of counsel), for appellant-respondent.

Hogan Lovells US LLP, New York (Patrick N. Petrocelli of counsel), for respondent-appellants.

Judgment, Supreme Court, New York County (Melissa A. Crane), entered November 18, 2024, awarding plaintiff $19,253,095.51, unanimously modified, to award plaintiff interest pursuant to CPLR 5002 from June 14, 2024 through November 18, 2024, and the matter remanded for calculation of the proper sum, and otherwise affirmed, without costs. Appeal from order (same court and Justice), entered on or about June 17, 2024, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

This appeal represents the latest in a long-running dispute between plaintiff Kenneth Rosenblum and the estate of his deceased mother, defendant Bernice Rosenblum, who together owned equal interests in various entities that held rental properties in Manhattan, including 132 Realty LLC and Village Realty LLC (the LLCs) and Standard Realty Associates, Inc. (Standard), which managed the entities and properties.

Contrary to plaintiff's contentions, the trial court correctly applied a discount for lack of marketability (DLOM) to the value of his membership interests in the LLCs (see Matter of Giaimo v Vitale, 101 AD3d 523 [1st Dept 2012]). The determination of fair value rests on "[I]n fixing fair value, courts should determine the minority shareholder's proportionate interest in the value of the corporation as a whole, that is, what a willing purchaser, in an arm's length transaction, would offer for the corporation as an operating business (Matter of Friedman v Beway Realty Corp. (87 NY2d 161, 168 [1995]; see also Blake v Blake Agency, 107 AD2d 139, 146 [2d Dept 1985]). The next step is to calculate the DLOM (see id. at 170-171). It is "not an exact science, and it is the 'particular facts and circumstances' of each case that will dictate the result" (Giaimo, 101 AD3d at 524], quoting Beway, 87 NY2d at 167]).

Based on the record before the trial court, its choice to credit defendants' business valuation expert over plaintiff's "can 'be reached under a[] fair interpretation of the evidence'" (Matter of Levine v Seven Pines Assoc. L.P.,156 AD3d 524, 525 [1st Dept 2017][internal citation omitted]). Namely, defendants' expert's conclusion relied on the protracted litigation between the parties, the lack of an operating agreement setting forth a process for withdrawal and the amount of time and money spent on "an unwillingness to compromise," all of which highlights the difficulties a third-party investor would risk in purchasing the LLCs and supports the DLOM applied (see generally Giaimo, 101 AD3d 523). Conversely, plaintiff failed to submit any evidence supporting the value of a DLOM, maintaining instead that no discount should apply.

While plaintiff's expert concluded, alternatively, that the DLOM should be 3-5%, plaintiff failed to make this argument or rely on this conclusion in his post-trial brief. As noted, plaintiff continued to maintain that the DLOM must be zero. Therefore, his current contention "is improperly raised for the first time on appeal" (International Mdse. Group Ams. v Segerman Intl., 277 AD2d 168 [1st Dept 2000]).

Next, the trial court rejected defendant's argument that loans Standard owed to the LLCs should be eliminated from the valuation calculation because of Standard's purported insolvency. Plaintiff does not contest this conclusion on appeal, but instead maintains that Standard's outstanding loans must be reduced by the 15% DLOM applied to plaintiff's share of the LLCs. This position is also "improperly raised for the first time on appeal" (International Mdse. Group Ams., 277 AD2d 168), and is in any event rejected. The trial court correctly applied the DLOM against the aggregate net asset value of the LLCs (see Beway, 87 NY2d at 166). That Standard and the LLCs have the same partners and members, respectively, does not affect each entities' books and records. To that end, the LLCs' loans receivable have no bearing on the loans payable by Standard, a completely separate and distinct entity.

Plaintiff's contention that the court should have awarded him interest on the value of his membership interests pursuant to CPLR 5001(a) is precluded by our decision on the prior appeal in this action (Rosenblum v Rosenblum, 214 AD3d 440 [1st Dept 2023]) (see Apollo Asset Mgt., Inc. v Cernich, 226 AD3d 466 [1st Dept 2024]). Plaintiff's alternative argument that he should retain post-withdrawal distributions from the LLCs is unavailing. There is simply no connection between CPLR 5001 interest and post-withdrawal distributions from the LLCs that would warrant such a result.

Defendants contend that plaintiff waived his right to CPLR 5002 interest because he did not include it in his proposed judgment. However, "[i]nterest under CPLR 5002 . . . is not dependent upon . . . a specific demand" (Matter of Doman, 150 AD3d 994, 996 [2d Dept 2017] [internal quotation marks omitted]). Plaintiff "was entitled to [CPLR 5002] interest regardless of whether [it was] specifically provided for in the judgment" (NYCTL 1998-2 Trust v Wagner (61 AD3d 728 [2d Dept 2009]).

The reference to a "decision" in CPLR 5002 "typically refers to the date that liability, as distinguished from damages, is established" (Hon. Mark C. Dillon, Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5002:1). Therefore, interest here should run from June 14, 2024, the date of the underlying order, not July 19, 2024, the date on which the court signed the judgment.

Defendants are not entitled to their own award of interest based on the (1) money Standard borrowed and that plaintiff is obligated to repay; and (2) distributions plaintiff received after he withdrew from the LLCs. First, this argument relies on CPLR 5001(a) rather than 5002, and as explained above plaintiff is not entitled to interest under the former. As for CPLR 5002, only plaintiff is entitled to interest under that since he was awarded a sum to which an award of interest could be applied.

Finally, we reject defendants' contention on their cross-appeal that the court should have used their expert's capitalization rate rather than plaintiff's. The court's choice of plaintiff's expert's rate "can be reached under a fair interpretation of the evidence" (Levine, 156 AD3d at 525 [brackets and internal quotation marks omitted]; see also Underbruckner Realty Corp. v Tax Commn. of the City of N.Y., 94 AD3d 527, 527 [1st Dept 2012] ["whether the . . . buildings relied upon by petitioners were valid 'comparables' was a question of fact to be resolved by the trial court"]; Matter of George A. Donaldson & Sons, Inc. v Assessor of the Town of Santa Clara, 135 AD3d 1138, 1142 [3d Dept 2016], lv denied 27 NY3d 906 [2016] ["property valuation — including setting the appropriate capitalization rate — is largely a question of fact"]).

We have reviewed the parties' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 7, 2025